**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERNEST CONNOR, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEP'T OF LABOR and | : | |
| PHILA. NAVY YARD, | : | |
| Defendants. | : | NO. 06-490 |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                            MARCH 28, 2007

          *Pro se*[1] Plaintiff Ernest Connor sued the United States Department of Labor and the

Philadelphia Navy Yard (collectively, "Defendants") for injuries he sustained as a result of his

alleged exposure to carcinogenic chemicals while employed at the Philadelphia Naval Yard.  The

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)

and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which

relief can be granted.  Mr. Connor opposes the Motion.[2]  Because this Court lacks subject matter

jurisdiction over Mr. Connor's claims for compensation, and because Mr. Connor has failed to

exhaust administrative remedies with respect to any claim for damages, the Court will grant the

Motion.  The case is dismissed with prejudice with respect to Mr. Connor's claims for

---

[1] Counsel for Mr. Connor entered an appearance on October 4, 2006 (Docket No. 9).
Although the Court gave Mr. Connor additional time to file a counseled response to the defense
Motion, no additional response has been filed.  Therefore, the Court will treat Mr. Connor as *pro
se* for the purposes of this Motion.

[2] Mr. Connor filed a brief response in opposition to the Motion, stating that the Motion is
"without merit."  Mr. Connor further stated that "Plaintiff's complaints file[d] with the court is
[sic] reasonable and states a basis upon requesting that relief should be granted.  No responses
need to be filed to this Motion."  (Pl. Response 1.)

compensation but without prejudice with respect to his claims for damages.

**FACTUAL BACKGROUND**

The Philadelphia Naval Yard hired Mr. Connor as a High Voltage Electrician on October 31, 1969 and terminated his employment on September 30, 2001.  Mr. Connor alleges that during the course of his employment, he was exposed to polychlorinated biphenyl ("PCB"), a known carcinogenic product.  As a result of this exposure, alleges Mr. Connor, he developed non-Hodgkin's lymphoma, which required surgery, chemotherapy and radiation therapy.  According to Mr. Connor, although the Defendants were aware of the danger of exposure to PCB, no protective measures were taken to remove the danger or to protect employees from exposure.

On September 8, 1999, Mr. Connor filed a Form CA-2 Notice of Occupational Disease and Claim for Compensation with the Office of Workers' Compensation Programs ("OWCP").  After seeking further evidence, the OWCP denied Mr. Connor's claim on March 13, 2000 on the grounds that the medical evidence submitted by Mr. Connor was speculative as to whether exposure to PCB could cause non-Hodgkins lymphoma and, therefore, the medical evidence of record did not support Mr. Connor's claim.  (See Def. Motion Ex. A, Declaration of Edward Duncan, Ex. 3.)

Mr. Connor twice requested reconsideration of this decision.  (Id., Exs. 4, 6.)  On both occasions, after reviewing the new medical evidence submitted, the OWCP denied modification of the prior decision denying the claim.  (Id., Exs. 5, 7.)  On November 18, 2002, Mr. Connor again requested reconsideration based on medical literature and submitted evidence that he was exposed to both PCB and trichloroethylene ("TCE") during the course of his federal employment.  (Id., Ex. 8.)  After reviewing the merits Mr. Connor's claim, the OWCP

2

determined that the medical evidence of record was speculative as to whether this exposure

caused Mr. Connor's non-Hodgkins lymphoma and again denied modification.  (Id., ex. 9.)

On December 12, 2003, Mr. Connor again requested reconsideration on the basis of blood

work that had recently been performed.  (Id., Ex. 10.)  Based on this new evidence, the OWCP

vacated the decision denying Mr. Connor's claim and reopened the claim for further

development.  (Id., Ex. 11.)  The OWCP ultimately determined that Mr. Connor's non-Hodgkin's

lymphoma was causally related to his exposure to toxins during the course of his federal

employment.  In accepting Mr. Connor's claim, the OWCP noted that Mr. Connor was disabled

from March 1, 1999 through December 31, 1999.  The OWCP also instructed Mr. Connor to file

a claim for wage loss, as he had not already done so.  (Id., Ex. 12.)  Mr. Connor subsequently

filed a CA-7 Claim for Compensation seeking compensation for periods in which he had taken

leave without pay from April 11, 1999 through December 31, 1999.  The OWCP paid Mr.

Connor compensation for lost wages during this time period on October 18, 2004. (Id., Ex. 14.)

Mr. Connor then submitted to two additional CA-7s, seeking a schedule award for

disfigurement to his face and compensation for leave taken without pay from January 1, 2000

through September 26, 2001.  The OWCP accepted Mr. Connor's claim for a schedule award for

disfigurement and paid the maximum award of $3,500.00 in accordance with 5 U.S.C. §

8107(21).  Because Mr. Connor had not submitted the wage loss form to the Navy, the OWCP

viewed it as incomplete and forwarded it to the Navy for comment and to complete the required

sections of the form.  (Id., Exs. 16-18.)  On May 16, 2006, the OWCP determined that the current

medical records were insufficient to support disability as claimed for January 1, 2000 through

September 26, 2001, and informed Mr. Connor that additional medical evidence was necessary to

process the claim for wage loss, which was to be submitted within 30 days.[3]

Mr. Connor alleges that he has not received sufficient compensation and is entitled to damages for the pain, suffering and loss of income he sustained as a result of the Defendants' negligence and the ongoing consequences of his exposure to PCB.

**THE FECA STATUTORY AND REGULATORY SCHEME**

The Federal Employees' Compensation Act ("FECA"), 5. U.S.C. § 8128(b), establishes a comprehensive workers' compensation scheme under which federal employees or their survivors receive compensation, regardless of fault, for employment related injuries or deaths.  The Act provides that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ."  5 U.S.C. § 8102(a); 20 C.F.R. § 10.1.  A wide range of benefits is provided for work-related injuries covered by FECA, including payment of wage loss compensation, schedule awards for permanent loss or loss of use and disfigurement of specified members of the body, related medical costs, and vocational rehabilitation.

The Secretary of Labor has the authority to administer and decide all questions arising under FECA, see 5 U.S.C. § 8145, and to prescribe rules and regulations necessary for the administration and enforcement of the Act, see id. at § 8149.  The Secretary of Labor has delegated this authority to the Director of the OWCP, who is responsible for the administration and implementation of FECA.  20 C.F.R. § 10.1.

---

[3] When the Defendants' Motion was signed on May 25, 2006, Mr. Connor's claim for wage loss from January 1, 2000 through September 26, 2001 was still pending.  While it is unclear whether Mr. Connor submitted additional medical evidence as requested by the OWCP, this fact is not material to the Court's holding.

4

If a claimant disagrees with the OWCP's final determination suspending, denying or reducing a benefit, FECA provides several opportunities for administrative review.  From the date of the OWCP decision, the claimant may (1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, 5 U.S.C. § 8124; 20 C.F.R. §§ 10.615-10.622; (2) within one year, request reconsideration, 20 C.F.R. §§ 10.615-10.622, 20 C.F.R. §§ 10.605-10.610; or (3) within one year, file an appeal with the Employees' Compensation Appeals Board, 20 C.F.R. §§ 10.625-10.626, 501.1 *et seq*.

The remedy provided by FECA is exclusively administrative.  5 U.S.C. § 8116.[4] Congress specifically foreclosed judicial review of determinations made pursuant to FECA.  5 U.S.C. § 8128;[5] Lockheed Aircarft Corp. v. United States, 460 U.S. 190, 194 (1983) ("In

---

[4] Section 8116 provides in pertinent part:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

[5] Section 8128 provides in pertinent part:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is--
>     (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>     (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

enacting [the FECA] Congress adopted the principle compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."); Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage") (citing Lindahl v. Office of Personnel Management, 470 U.S 768, 780 n.13 (1985)).

**LEGAL STANDARDS**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction tests the Court's power to hear a case.  Fed. R. Civ. P. 12(b)(1); Petruska v. Gannon University, 462 F.3d 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'").  When subject matter jurisdiction is challenged, "the plaintiff bears the burden of persuasion." Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (citing Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 889 (3d Cir. 1977)).  The Court is not limited to the face of the pleadings in determining whether it has subject matter jurisdiction; it "may review any evidence to resolve factual disputes concerning the existence of jurisdiction." Norman v. United States, No. 95-4111, 1996 WL 377136, at *1 (E.D. Pa. July 3, 1996), aff'd, 111 F.3d 356 (3d Cir. 1997).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint.  Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S.

5 U.S.C. § 8128(b).

41, 45-46 (1957).  Such a motion will be granted only when it is "certain that no relief could be granted under any set of facts which could be proved by the plaintiff."  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his which would entitle him to relief."  Conley, 355 U.S. at 45-46; see also McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996).  In making such a determination, the Court must accept as true all allegations made in the complaint and all reasonable inferences that may be drawn from those allegations, and view those facts and inferences in the light most favorable to the non-moving party.  Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

Due to the "understandable difference in legal sophistication," *pro se* litigants such as Mr. Connor are held to "less stringent standards" than trained counsel.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must construe *pro se* pleadings liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)).  While the Court of Appeals for the Third Circuit traditionally has given *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure," Thomas v. Norris, No. 02-1854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006).

**DISCUSSION**

    **A.**    **Jurisdiction**

Mr. Connor expressly seeks compensation for an injury sustained while employed by the

federal government.  (Compl. ¶¶ 6-11.)  Thus, Mr. Connor's injuries fall within the scope of the workers' compensation provisions of the FECA.  See 5 U.S.C. § 8102(a) ("the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty"); 20 C.F.R. § 10.1.  Mr. Connor asks this Court to determine whether he is entitled to such compensation.

Congress, by crafting an exclusively administrative remedy for federal employees injured on the job and by explicitly foreclosing judicial review, has prohibited this Court from making precisely such a determination.  See 5 U.S.C. § 8116(c).  Moreover, both the Supreme Court and the Court of Appeals for the Third Circuit have held that the Secretary of Labor's benefit determinations pursuant to FECA are not subject to judicial review.  See Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991); McDougal-Saddler v. Herman, 184 F.3d 207, 214 (3d Cir. 1990); Hancock v. Mitchell, 231 F.2d 652, 652-53 (3d Cir. 1956).  Thus, the claim procedures set forth in FECA are Mr. Connor's only remedy against the United States or any federal agency for injuries sustained in the course of his federal employment.  Because jurisdiction over such claims is prohibited, the Court does not have jurisdiction over Mr. Connor's claims for compensation against the Department of Labor and will dismiss such claims with prejudice for lack of subject matter jurisdiction.

However, to the extent that Mr. Connor seeks damages sounding in tort, rather than compensation, against the Department of Labor (Compl. ¶¶ 12-13), the Court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., so long as Mr. Connor has exhausted all administrative remedies.  28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993); Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir.

1971) (failure to file administrative claim is non-waivable jurisdictional defect).

The FTCA provides that a lawsuit may not be brought against the United States unless the plaintiff has first exhausted all available administrative remedies.  28 U.S.C. § 2675(a).  Thus, before filing a suit, the plaintiff must first present a claim to the appropriate federal agency and the federal agency must deny the claim.  Id.[6]  A claim is deemed presented at an agency when a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal agency.  28 C.F.R. § 14.2.  This administrative claim requirement is a jurisdictional prerequisite and is not waivable. United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

Here, nothing in the pleadings and other evidence presented to the Court suggests that Mr. Connor filed an administrative claim prior to filing the present suit.[7]  Absent compliance with this jurisdictional requirement, the Court has no jurisdiction over suits brought pursuant to the FTCA.  Kubrick, 444 U.S. at 117-18; Bialowas, 443 F.2d at 1049.  Accordingly, to the extent Mr. Connor seeks damages pursuant to the FTCA, the Court will dismiss his claims as to both the Department of Labor and the Navy without prejudice for lack of jurisdiction due to failure to exhaust administrative remedies.

**B.      Failure to State a Claim**

Alternatively, to the extent Mr. Connor seeks compensation for injuries sustained while

---

[6] An agency's failure to act on an administrative claim within six months may be deemed a denial.  28 U.S.C. § 2675(a).

[7] A search of the Department of Labor's and the Navy's records apparently failed to disclose any administrative claim filed by Mr. Connor.  (See Def. Ex. B, Declaration of Catherine Carter; Def. Ex. C, Declaration of Audrey Van Dyke.)

employed by the federal government, the Defendants contend that Mr. Connor has failed to state

a claim for which relief can be granted because the FECA provides only an administrative

remedy in these circumstances.  The Court need not reach this argument because it lacks

jurisdiction over the case.

**CONCLUSION**

_____Because FECA prohibits judicial review of Department of Labor workers' compensation

decisions, Mr. Connor's claims for compensation against the Department of Labor are dismissed

with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  To the extent

Mr. Connor seeks to bring any claims for damages sounding in tort, those claims are dismissed

without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to Mr.

Connor's failure to exhaust administrative remedies.


BY THE COURT:


    S/Gene E.K. Pratter
GENE E. K. PRATTER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERNEST J. CONNOR,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. DEP'T OF LABOR AND** | : | |
| **PHILA. NAVY YARD,** | : | |
| **Defendants** | : | **NO. 06-490** |

## <u>ORDER</u>

_____AND NOW, this 28th day of March, 2007, upon consideration the Defendants' Motion to Dismiss (Docket No. 7) and the Plaintiff's Response in opposition thereto (Docket No. 8),[8] it is hereby ORDERED that the Motion is GRANTED.

The Clerk of the Court is instructed to close this case for all purposes.

BY THE COURT:

_____
GENE E. K. PRATTER
United States District Judge

---

[8] Upon consideration of the entry of appearance of counsel for Mr. Connor, the Court, by Order of October 16, 2006 (Docket No. 10) granted Mr. Connor an additional two weeks to file a more fulsome response.  No additional response was filed.